NATIONAL BANK OF JEFFERSON v. FORE and others.

*(Circuit Court, E. D. Texas. October 21, 1885.)*

NATIONAL BANKS—ACTION AGAINST RESIDENT DEFENDANTS—REPEAL OF REV. ST. § 629, SUBD 10.

The tenth subdivision of section 629, Rev. St., has been repealed by the proviso in section 4 of chapter 290, St. 1881–82, being an act to enable national banks to extend their corporate existence, and for other purposes, approved July 12, 1882, and a national bank cannot now institute and maintain a suit against residents of its own state and judicial district.

On Plea to the Jurisdiction.

*McKay & Camp,* for plaintiff.

*Culberson & Culberson,* for defendants.

SABIN, J. This suit was filed January 3, 1885, the plaintiff and all the defendants being residents and citizens of the Eastern district of Texas, with the exception of one of the defendants, who was a resident of the Northern district of Texas; the matter in dispute being over $5,000, including interest, for which judgment is sought, to which the defendants interpose their exception to the jurisdiction, relying upon the fact exhibited in the petition that all the parties to this suit are citizens or residents of this state; the plaintiff itself being a resident of Marion county, Texas, with its place of business at Jefferson, where this court is held, and alleged to be a corporation created by and existing under the laws of the United States of America.

It is claimed on the part of the defendants that the tenth subdivision of section 629, Rev. St., is repealed and rendered inoperative by the proviso contained in section 4, *c.* 290, St. 1881–82, being an act to enable national banking associations to extend their corporate existence, and for other purposes, approved July 12, 1882. Section 629, with the tenth subdivision only, reads as follows:

"The circuit courts shall have original jurisdiction as follows: *Tenth.* Of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations."

And the proviso contained in section 4, above referred to, is as follows, viz.:

"Provided, however, that the jurisdiction of suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, *and not other than,* the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking association may be doing business when such suits may be begun; and all laws and parts of laws of the United States inconsistent *with this proviso* be, and the same are hereby, repealed."

This proviso is greater and broader than the section or act to which it appertains, so far as its effects are concerned. It was a proviso

hostile to the jurisdiction of the United States courts, as provided for them in the tenth subdivision of section 629, above referred to, and practically and effectually repealed that clause of that section. It is plain to be seen from the allegations in the petition that had the plaintiff bank not been organized under the laws of the United States it could not have brought suit in this court, and that the object of the proviso was to deprive the United States courts of jurisdiction of cases by or against national banks in all cases when state banks or banks organized under state laws could not likewise sue or be sued in the United States courts, and hence the jurisdiction herein must fail. If the plaintiff had been a state bank it could not have maintained this suit in this court, and the national banks are placed upon a similar footing by this proviso.

It is claimed in argument by plaintiff that the right of plaintiff to make use of the United States courts is a vested right which cannot be defeated by legislation subsequent to the act giving the courts jurisdiction, or of the act authorizing the creation or organization of banking associations under laws of the United States; but this claim seems hardly tenable, for the act of June 3, 1864, being "An act to provide a national currency," etc., (section 64,) provides "that congress may at any time amend, alter, or repeal this act;" and section 9 of "An act fixing the amount of United States notes," etc., approved June 20, 1874, likewise provides that congress shall have the same power over national banking associations thereafter to be organized, to "amend, alter, or repeal, provided by the national bank act." And so far as the power of congress to repeal, alter, or amend laws conferring jurisdiction upon the United States circuit court is concerned, it would seem that the power to create a jurisdiction would have the power to abolish it.

It is evident that the jurisdiction conferred was not a specific jurisdiction created by the constitution of the United States. If it were such a jurisdiction, although congress might establish such inferior court in conformity with the constitution, it could not deprive the court of its constitutional jurisdiction. It could not deprive a party of the right of trial by jury; neither could it deprive a citizen of one state of the right to sue a citizen of another state therein; neither could it deprive any suitor of the right to be heard in such courts, when such jurisdiction was established by the constitution of the United States. But it has the undoubted right to deprive a court of a jurisdiction, charge, duty, or power created solely by congressional action.

In the case now before the court, national banking associations were and are the creatures of congressional legislation, and their right to sue and be sued in the courts of the United States is likewise a matter purely of congressional legislation and authority; and hence, when congress restricts their right to use the United States courts to the same basis of banks created or organized under state authori-

ty, then such national banks cannot institute and maintain suits against residents of their own state and judicial district. All the parties to this suit being residents and citizens of this state, this court is without jurisdiction as to parties, notwithstanding the amount sued for is amply adequate to maintain it. The suit must be dismissed for want of jurisdiction; and it is so ordered.